UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LATRISTIAN WILLIAMS,**<br><br>Plaintiff,<br><br>vs.<br><br>**MONGER ENTERTAINMENT GROUP, INC.** d/b/a Barnacles Sports Bar & Grill; **SAMPSON B. MONGER**; and **BERNICE P. MONGER**,<br><br>Defendants. | Civil Action No. _____<br><br><br><br><br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff Latristian Williams, by and through her attorneys, herein asserts a claim against Defendants Monger Entertainment Group, Inc. d/b/a Barnacles Sports Bar & Grill; Sampson B. Monger; and Bernice P. Monger for due but unpaid minimum and overtime wages, showing the Court as follows:

### I. INTRODUCTION

1.

In this Fair Labor Standards Act action, 29 U.S.C. 201 *et seq.*, Plaintiff Williams seeks to recover unpaid minimum and overtime wages from her former employers.

## II. JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because Defendants conduct business in this judicial district, all the events giving rise to the claims herein arose in this judicial district, and the individual Defendants reside within this judicial district.

## III. PARTIES

4.

Plaintiff is a natural person residing in Rockdale County, Georgia.

5.

Defendant Monger Entertainment Group, Inc. d/b/a Barnacles Sports Bar and Grill (hereinafter "Barnacles") is a domestic corporation existing under the laws of the State of Georgia. Barnacles may be served with process via service on its registered agent Sampson B. Monger at 1336 Belfaire Trace, Dacula, Georgia 30019.

6.

Defendant Barnacles is subject to the personal jurisdiction of this Court.

7.

Defendant Sampson B. Monger (hereinafter "Mr. Monger") is a natural person and may be served with process at his residence in Dacula, Gwinnett County, Georgia, or wherever he may be found.

8.

Defendant Mr. Monger is subject to the personal jurisdiction of this Court.

9.

Defendant Bernice P. Monger (hereinafter "Ms. Monger") is a natural person and may be served with process at his residence in Lawrenceville, Gwinnett County, Georgia, or wherever she may be found.

10.

Defendant Ms. Monger is subject to the personal jurisdiction of this Court.

IV. ENTERPRISE COVERAGE UNDER THE FLSA

11.

At all relevant times, two more employees of Barnacles, including Plaintiff, used or handled the following items that moved in interstate commerce that are

necessary for performing its commercial purpose: foodstuffs, liquor, beer, kitchen equipment, chairs, tables, and paper products.

12.

In 2016, Barnacles had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

13.

In 2017 had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

14.

During 2016, Barnacles had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2017, Barnacles had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2016, Barnacles had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2017, Barnacles had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2016, Barnacles was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

19.

During 2017, Barnacles was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

## V. CORPORATE EMPLOYER UNDER THE FLSA

20.

Defendants own and operate a business enterprise known as Barnacles Sports Bar and Grill with locations in Duluth, Fulton County, Georgia and Decatur, DeKalb County, Georgia.

21.

Plaintiff worked as a bartender and manager at Barnacles from approximately November 2016 through December 2017 (hereinafter "the Relevant Time Period").

22.

At all relevant times, Plaintiff has been an "employee" as defined in FLSA § 3(e), 29 U.S.C. § 203(e) in connection with her server work at Barnacles as a matter of economic reality.

23.

At all relevant times, Defendant Barnacles has been Plaintiff's "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d) as a matter of economic reality.

## VI.     INDIVIDUAL EMPLOYER UNDER THE FLSA

24.

At all relevant times, Defendant Mr. Sampson has acted directly or indirectly in the interest of Barnacles in his interactions with Plaintiff, and he controlled the terms and conditions of Plaintiff's employment on a day-to-day basis.

25.

Specifically, Defendant Mr. Sampson was and is the owner, Chief Executive Officer, Secretary, and registered agent of Defendant Barnacles, and at all relevant times has had the highest-level management authority at Barnacles.

26.

At all relevant times, Defendant Mr. Sampson has had authority and exercised control over the finances and operations of Barnacles.

27.

At all relevant times, Defendant Mr. Sampson exercised managerial authority and control over the day-to-day business of Barnacles, including over Plaintiff and other bartenders, servers, and managers.

28.

At all relevant times, Defendant Mr. Sampson determined the pay rate and the method of pay for Plaintiff and other Barnacles bartenders, managers, and servers.

29.

At all relevant times, Defendant Mr. Sampson had authority and control over Barnacles' common policy of requiring Plaintiff and other bartenders for whom it claimed the FLSA's tip credit allowance to pay kickbacks to Barnacles owners and management.

30.

At all relevant times, Defendant Mr. Sampson has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

31.

At all relevant times, Defendant Ms. Sampson has acted directly or indirectly in the interest of Barnacles in her interactions with Plaintiff, and she controlled the terms and conditions of Plaintiff's employment on a day-to-day basis.

32.

Specifically, Defendant Ms. Sampson was and is the Chief Financial Officer of Defendant Barnacles.

33.

At all relevant times, Defendant Ms. Sampson exercised managerial authority and control over the day-to-day business of Barnacles, including over Plaintiff and other bartenders, servers, and managers.

34.

At all relevant times, Defendant Ms. Sampson made hiring and firing decisions with respect to Barnacles employees.

35.

At all relevant times, Defendant Ms. Sampson controlled Barnacles employee work schedules and conditions of employment.

36.

At all relevant times, Defendant Ms. Sampson has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

### VII. FLSA NON-EXEMPT STATUS AND FLSA VIOLATIONS

37.

At all relevant times, Plaintiff has not subject to any exemption from the minimum wage pay requirements of the FLSA.

38.

At all relevant times, Plaintiff has not subject to any exemption from the maximum hour provisions of the FLSA

39.

At all relevant times, Plaintiff was compensated at an hourly rate of approximately $2.13 per hour for her bartender work and at an hourly rate of approximately $5.00 per hour for her managerial work.

40.

At no time during the Relevant Time Period was Plaintiff compensated on a salary basis.

41.

Throughout the Relevant Time Period, Defendants failed to notify Plaintiff of the provisions of FLSA § 3(m), 29 U.S.C. § 203(m).

42.

Throughout the Relevant Time Period, Defendants required Plaintiff and other tipped Barnacles employees to pay a "house fee" to Barnacles owners and management.

43.

Throughout the Relevant Time Period, Plaintiff did in fact pay a "house fee" to Defendants each shift that she worked.

44.

The "house fees" paid by Plaintiff to Defendants were "kickbacks" within the meaning of 29 C.F.R. § 531.35, and in violation of the FLSA's requirement that minimum and overtime wages be paid "free and clear."

45.

At all relevant times, Defendants were not entitled to utilize the FLSA's tip credit provision to credit Plaintiff's tips towards a portion of their minimum wage obligations.

46.

In each workweek during the relevant time period, Defendants failed to compensate Plaintiff at or above the federal minimum wage of $7.25 per hour for each hour worked.

47.

In numerous workweeks throughout the relevant time period, Plaintiff worked in excess of 40 hours per week.

48.

In each applicable workweek, Defendants failed to compensate Plaintiff at or above one-and-one-half times her regular hourly rate for each hour worked in excess of 40 hours in a single workweek.

## VIII. GOOD FAITH

49.

Defendants knew or should have known that the FLSA's tip credit allowance was improperly applied to Plaintiff when they required her to kick back a portion of her wages to Defendants.

50.

Defendants knew or should have known that the FLSA's tip credit allowance was improperly applied to Plaintiff when they failed to notify Plaintiff of the tip credit provisions of FLSA § 3(m), 29 U.S.C. § 203(m).

51.

In requiring Plaintiff to kick back a portion of her wages, Defendants have not relied on any letter ruling from the Department of Labor indicating that such practice is permitted under the FLSA.

52.

In requiring Plaintiff to kick back a portion of her wages, Defendants have not relied on any legal advice indicating that such practice is permitted under the FLSA.

53.

Defendants' failure to compensate Plaintiff at no less than the federal minimum wage during each workweek in the Relevant Time Period was not done in good faith within the meaning of 29 U.S.C. §§ 259 or 260.

54.

Defendants' failure to compensate Plaintiff at no less than one-and-one-half times her regular hourly rate during each workweek in the Relevant Time Period was not done in good faith within the meaning of 29 U.S.C. §§ 259 or 260.

IX.   **CLAIMS FOR RELIEF**

**COUNT ONE**
**VIOLATION OF 29 U.S.C. §§ 206 AND 215 (MIMINIMUM WAGE)**

55.

The foregoing paragraphs are incorporated herein by this reference.

56.

At all relevant times, Plaintiff was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

57.

At all relevant times, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

58.

At all relevant times, Defendants required Plaintiff to pay kickbacks to Defendants in violation of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.35.

59.

Defendants are liable to Plaintiff for all unpaid minimum wages for hours worked during the Relevant Time Period pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), in an amount to be determined at a trial.

60.

Defendants are also liable to Plaintiff for the full value of all kickbacks that Plaintiff was required to pay Defendants.

61.

Defendants are also liable to Plaintiff for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

62.

Defendants are also liable to Plaintiff for her litigation costs, including her reasonable attorney's fees, pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

**COUNT TWO - VIOLATION OF 29 U.S.C. §§ 207
AND 215 (OVERTIME WAGES)**

63.

The foregoing paragraphs are incorporated herein by this reference.

64.

At all relevant times, Plaintiff was an employee covered by the FLSA and entitled to the maximum hour protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

65.

In many workweeks, Defendants failed to compensate Plaintiff at an one-and-one-half times her regular hourly rate for all hours worked in excess of 40 hours per week as required by the FLSA.

**WHEREFORE**, Plaintiff requests that this Court:

1. Take jurisdiction of this matter;

2. Grant a trial by jury as to all issues so triable;

3. Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FLSA;

4. Issue a judgment declaring that Plaintiff was covered by the minimum wage and maximum hour provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

5. Award Plaintiff all unpaid minimum wages for each hour worked during the Relevant Time Period and liquidated damages equaling 100% of the unpaid minimum wages;

6. Award Plaintiff all unpaid overtime wages for each hour worked in excess of 40 hours per week during the Relevant Time Period and liquidated damages equaling 100% of the unpaid overtime wages;

7. Award Plaintiff the amount of all kickbacks that Defendants required Plaintiff to pay during the Relevant Time Period, and liquidated damages thereon;

8. Award Plaintiff pre-judgment interest on all amounts owed to the extent that liquidated damages are not awarded;

9. Award Plaintiff nominal damages;

10. Award Plaintiff her costs of litigation, including her reasonable attorney's fees;

11. Award any and such other further relief this Court deems just, equitable and proper.

- 17 -

This 16th day of January 2018.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

| | |
|---|---|
| */s/ Matthew W. Herrington* <br> 3100 Centennial Tower <br> 101 Marietta Street, NW <br> Atlanta, Georgia 30303 <br> (404) 979-3150 Telephone <br> (404) 979-3170 Facsimile <br> charlesbridgers@dcbflegal.com <br> matthew.herrington@dcbflegal.com | Charles R. Bridgers <br> Georgia Bar No. 080791 <br> Matthew W. Herrington <br> Georgia Bar No. 275411 <br><br> ATTORNEYS FOR PLAINTIFF |